IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL ANTHONY DAVIS, §
(BOP # 33896-177) §
VS. § CIVIL ACTION NO.4:11-CV-064-Y
§
§
UNITED STATES OF AMERICA, et al.§

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(B)(1)
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Michael Anthony Davis's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Davis has filed a civil complaint entitled "Plaintiff's Original Petition Seeking Standing to Sue Defendants under the Federal Tort Claims Act in Conjunction with the Privacy Act." A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case

---

[1]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2]*See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint under these standards, the Court concludes that Davis's claims must be dismissed.

The Court notes first that Davis's claims in this action are identical to those filed and dismissed in a previous suit. In fact, prior to filing the complaint in this Court, Davis filed the identical complaint in the United States District Court for the Western District of Oklahoma in *Davis v. United States of America, et al.,* No. Civ. 10-1136-HE. That court dismissed all of Davis's claims under 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B).[6]

In reviewing a similar multiple-suit-filing scenario by an inmate plaintiff, the United States Court of Appeals for the Fifth Circuit found no abuse of discretion in a district court's determination that an

in-forma-pauperis action identical to one previously dismissed, may be dismissed as frivolous or malicious:

> [W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same

---

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6] The Court takes judicial notice of the records of the United States District Court for the Western District of Oklahoma in *Davis v. United States, et al.,* No. Civ. 10-1136-HE (Order and Judgment dated February 18, 2011). Although Davis filed a notice of appeal, the United States Court of Appeals for the Tenth Circuit dismissed the appeal as frivolous. *Davis v. United States,* No. 11-6072 (10th Cir. June 14, 2011).

2

series of events and alleging many of the same facts as an earlier suit, concluding that "repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." *See Robinson v. Woodfork,* No. 86-3735 (5th Cir. May 22, 1987)(unpublished order)(citing *McCullough v. Morgan,* No. 85-2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle,* 423 F. Supp. 690 (S.D.Tex. 1976)). Other courts have also held that an IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(d).[7]

Because Michael Anthony Davis's claims in the instant case are identical to claims already dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(b), such claims asserted herein must be dismissed as malicious.

Furthermore, and alternatively, the Court concludes that Plaintiff's complaint in this action must be dismissed for the identical reasons stated by the United States District Court for the Western District of Oklahoma in case number civil-10-1136-HE.

Therefore, all claims in this case are DISMISSED WITH PREJUDICE as malicious under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i).

Alternatively, Plaintiff's claims against defendant Couch and his Privacy Act claims are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B), and Plaintiff's Federal Tort Claims Act claims against the United States and his claims against the individual federal defendants are DISMISSED under 28 U.S.C. §

---

[7] *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988)(other citations omitted); *see also Brown v. Thomas,* No. 3:02-CV-0673-M, 2002 WL 31757616, at *3-4 (N.D. Tex. Dec. 3, 2002)(Lynn, J.)(adopting magistrate judge's analysis of *Bailey,* and recommendation that case should be dismissed as duplicative even though earlier case had been dismissed without reaching merits).

1915A(b)(1) and § 1915(e)(2)(B)(i) WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met.[8]

SIGNED July 6, 2011.

*[signature]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[8]*See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996). Although in the Tenth Circuit, the district court's dismissal of Davis's claims as barred by *Heck v. Humphrey,* 512 U.S. 477 (1994) was listed as without prejudice, in this, the Fifth Circuit, *Johnson* direct courts to dismiss such claims "with prejudice to their being asserted again until the *Heck* conditions are met."